**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
OKECHUKWU MUMMEE AMADI,             :
                                    :        Civil Action
            Petitioner,             :        06-5297 (AET)
                                    :
        v.                          :        **O P I N I O N**
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
_____:


**APPEARANCES:**

        OKECHUKWU MUMMEE AMADI, Petitioner pro se
        #06003-052
        Federal Detention Center
        P.O. Box 5010
        Oakdale, LA 71463


**ANNE E. THOMPSON, United States District Judge**

        On November 6, 2006, Petitioner OKECHUKWU MUMMEE AMADI
(hereinafter "Petitioner"), currently confined at the Federal
Detention Center, Oakdale, Louisiana, filed an application seeking
a Writ of Error Coram Nobis (hereinafter "Petition").  See Pet. at
1.  After carefully examining Petitioner's Petition, this Court
dismisses the Petition for want of jurisdiction.

## BACKGROUND

Petitioner, a native of Nigeria, id. at 3, was convicted of "conspiracy to import more than one kilogram of heroin[] into the United States." See Pet., Ex. A. "Following [his] conviction, [Petitioner] expressed an interest in cooperating with [the government]." Id. After Petitioner "agreed to disclose truthfully all information regarding his activities," the government "agreed to inform [this Court] of the agreement and . . . , if [Petitioner] provided 'substantial assistance [to the government],'" to move this Court for reduction of Petitioner's sentence.   Id. Consequently, after Petitioner and the government entered such agreement (hereinafter "Agreement"), and both Petitioner and the government performed their respective parts of the bargain, Petitioner's sentence was reduced to 84 months.[1] See Pet. at 4.

However, according to Petitioner, during the period of Agreement negotiations, Petitioner's counsel (a) did not notify Petitioner that Petitioner's sentence of 84 months could eventually serve as basis for Petitioner's removal to Nigeria, and (b) "failed to request that Petitioner be relieved from deportation." Id.

Although Petitioner's Petition is silent as to when a removal order against Petitioner was entered, it appears that, after Petitioner completed serving his term of imprisonment imposed by

---

[1]

Petitioner was originally facing 151 to 188 months of imprisonment. See Pet., Ex. A.

this Court (a) Petitioner was found to be subject to removal to Nigeria; (b) this finding was affirmed by the Board of Immigration Appeals (hereinafter "BIA"), and (c) Petitioner is about to be removed to Nigeria. See Pet., Ex. B at 3 (stating that "[Petitioner has] finished [his] prison sentence [but] all relief [from removal] was denied by the I[mmigration ]J[udge] [and] BIA").

Therefore, Petitioner's instant application requests this Court "to vacate [Petitioner's] conviction[] in the interest of justice, fairness, due process of law, and for humanitarian reasons." Id. at 17.

Petitioner already filed an identical Petition (hereinafter "Original Petition") in the sense of setting forth identical facts and claims, although cosmetically different from the instant Petition with respect to a few turns of phrase used in Petitioner's Original and Instant Petitions, but entirely identical as to the exhibits employed. See Amadi v. United States of America, 06-4139 (AET).  This Court carefully examined Petitioner's Original Petition, adjudicated it on merits and denied it stating that Petitioner's application failed to meet the test set forth in Strickland v. Washington, 466 U.S. 668 (1984), made applicable to coram nobis petitions in Evola v. AG of the United States (hereinafter "Evola"), 2006 U.S. App. LEXIS 18863, at *4-8 (3d Cir. N.J. July 26, 2006).

Although apparently dissatisfied with this Court previous decision, Petitioner did not appeal it, but rather chose to file the instant Petition.

## DISCUSSION

Section 2244, a provision of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), provides, in pertinent part:

(1)    A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2)    A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
...

      (B)   (i)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
          (ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)    (A)   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
...

      (C)   The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the

requirements of this subsection.

...

(4)   A district court shall dismiss any claim presented in a
      second or successive application that the court of
      appeals has authorized to be filed unless the applicant
      shows that the claim satisfies the requirements of this
      section.

28 U.S.C. § 2244 (b).

Prior to the passage of AEDPA, federal courts "employed a collection of equitable principles known as the 'abuse of the writ' doctrine to determine when a petition would be deemed abusive and thus barred from consideration on its merits." Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005) (citing United States v. Roberson, 194 F.3d 408, 410 (3d Cir. 1999)).  Under the pre-AEDPA abuse-of-the-writ doctrine, a "successive petition" raised grounds identical to those raised and rejected on the merits on a prior petition, and was barred.  See Sanders v. United States, 373 U.S. 1, 15-17 (1963).  An "abusive" petition was one which raised claims that were available but not asserted in a prior petition or one in which the prisoner had engaged in other conduct that disentitled him to relief.  See Kuhlmann v. Wilson, 477 U.S. 436, 445 n.6 (1986) (plurality opinion) (citing Sanders, 373 U.S. at 17); see also McCleskey v. Zant, 499 U.S. 467 (1991).

The Court of Appeals for the Third Circuit has held that the gatekeeping provision of Section 2244 replaced the pre-AEDPA abuse-of-the-writ doctrine, but the doctrine remains viable to interpret the meaning of "second or successive."  Benchoff, 404

F.3d at 816-17.   However, reference to the abuse-of-the-writ doctrine does not mean, in all circumstances, that a subsequent petition must be treated as a first petition unless it amounts to a pre-AEDPA abuse of the writ.   See, e.g., Felker, 518 U.S. at 667 ("The Act also codifies some of the pre-existing limits on successive petitions, and further restricts the availability of relief to . . . petitioners").   If that were so, the substantive gatekeeping criteria of § 2244(b)(2) might never come into play.

Section 2244 of the AEDPA prohibits the filing of "second or successive" petitions, without the consent of the court of appeals. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) (holding that, unless the court of appeals grants such permission, the district court may not consider a second or successive petition). The AEDPA statute does not, however, define what constitutes a "second or successive" petition, the essential predicate for application of this prohibition.   But caselaw holds that, to be considered successive, a prisoner's second petition must attack the same conviction and/or sentence as his first.   See, In re Olabode, 325 F.3d 166, 169-70 (3d Cir. 2003).   Furthermore, a petition will not be deemed successive unless a prior petition was adjudicated on the merits.   See Slack v. McDaniel, 529 U.S. 473, 486-87 (2000).

Petitioner herein clearly asserts identical claims to those he presented in his Original Petition, attacking the same conviction and/or sentence.   Petitioner's Original Petition was dismissed

after being adjudicated on the merits.  Since the instant Petition does not present claims that were available but not asserted in the Original Petition, it appears that the instant Petition is "second and successive" rather than "abusive."  See Kuhlmann, 477 U.S. at 445 n.6.  However, the Court lacks jurisdiction to entertain Petitioner's instant Petition without being so directed by the Third Circuit, regardless of the fact that Petitioner qualified the instant Petition as an application for a Writ of Error Coram Nobis rather than for a Writ of Habeas Corpus.  See Shelton v. United States, 2006 U.S. App. LEXIS 25554., at *4 (3d Cir. Pa. Oct. 12, 2006) (citing Obado v. New Jersey, 328 F.3d 716 (3d Cir. 2003) (per curiam), and observing that an application seeking a common law writ of coram nobis is subject to AEDPA's gatekeeping requirements, same as habeas corpus applications).

## CONCLUSION

For the foregoing reasons, Petitioner's application for a writ of coram nobis is denied for want of jurisdiction.

An appropriate order accompanies this Opinion.


        s/ Anne E. Thompson
        **ANNE E. THOMPSON**
        **United States District Judge**

Dated: 11/29/06